PROB 12B
(REVISED 5/2011)

# United States District Court
## for
## Middle District of Tennessee

### Petition to Modify the Condition or Term of Supervision
*(Probation Form 49 Waiver of Hearing on the Modification is attached)*

Name of Offender: <u>Delaina Thompson</u>　　Case Number: <u>3:12-00025-002</u>

Name of Judicial Officer: <u>Honorable Kevin H. Sharp, U.S. District Judge</u>

Date of Original Sentence: <u>December 19, 2013</u>

Original Offense: <u>18 U.S.C. § 1349 Conspiracy to Commit Bank and Wire Fraud</u>

Original Sentence: <u>Time served and 5 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>　　Date Supervision Commenced: <u>December 19, 2013</u>

Assistant U.S. Attorney: <u>Byron M. Jones</u>　　Defense Attorney: <u>Isaiah S. Gant</u>

## PETITIONING THE COURT

■ To modify the release conditions as follows:

The defendant shall remain on home confinement for the remaining 6 months of her original 10 month sentence, but electronic monitoring shall be used to monitor compliance for the duration of home confinement. While on home detention, the defendant is required to remain in her residence at all times except for approved absences for gainful employment, community service, religious services, medical care or treatment needs and such other times as may be specifically authorized by the United States Probation Office.

THE COURT ORDERS:
☐ No Action
☐ The extension of supervision as noted above.
☒ The modification(s) as noted above.
☐ Other

Considered this 14th day of July, 2014, and made a part of the records in the above case.

Kevin H. Sharp
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Brad Bartels
U.S. Probation Officer

Place　Cookeville, Tennessee

Date　July 11, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.   Nature of Noncompliance**

1. <u>**The defendant shall participate in and successfully complete a program of home detention for ten months.**</u>
On July 3, 2014, Mrs. Thompson was subject to a traffic stop by Mt. Juliet Police Lieutenant Tyler Chandler, in Mt. Juliet, Tennessee. Lt. Chandler initiated the traffic stop at approximately 2245 hours, which was during a time period Mrs. Thompson was required to be at her residence to be in compliance with home confinement. Mrs. Thompson was given a verbal warning Lt. Chandler, and released without incident.

    The probation officer repeatedly made attempts to contact Mrs. Thompson on her cell phone as well as at her residence, but was unsuccessful for approximately forty minutes. Eventually, Mrs. Thomson called the probation officer and immediately told the probation officer he needed to understand her situation. The probation officer tried to talk to Mrs. Thompson, but Mrs. Thompson was irrate. She told the probation officer he was "heartless" and had no compassion for her or her situation. The probation officer explained that he had allowed ger to attend all of the local events involving her children, with the exception of a few athletic practices. Mrs. Thompson claimed the probation officer was not doing enough to help her. She was only attending treatment twice per month. The probation officer said he would increase the amount of treatment in order to help her. Mrs. Thompson replied, "Great, now I have to do more homework." She elaborated saying she did not like the assignments given to her by her therapist.

    The probation officer attempted to discover the reason Mrs. Thompson left her residence during her period of home confinement. She said her 10 year-old had a bad sunburn, and she was getting medical products to treat the burns. Mrs. Thompson said she did not care about the repercussions of her actions. She stated, "you have to do what you have to do," then said she would wear an ankle bracelet if that was her punishment. She again told the probation officer he was "heartless" and did not understand, then hung up on him.

    Mrs. Thompson's husband called shortly after Mrs. Thompson hung up, and apologized her behavior. He informed the probation officer that both he and his wife were under significant stress. They were informed the bank would foreclose on their home in thirty days. He admitted to arguing with Mrs. Thompson and left to avoid the arguments. He only returned to the residence when he started receiving calls from individuals, including the probation officer, who were trying to talk to Mrs. Thompson. She had left her cell phone at her residence when she went to Wal-Mart. He told the probation officer he felt more mental health treatment would be beneficial to Mrs. Thompson. When questioned by the probation officer, Mr. Thompson denied that Mrs. Thompson was a threat to herself or anyone else. Mr. Thompson further denied needing the contact information for the crisis hotline. When the probation officer asked Mr. Thompson about his son and the need for medical attention, Mr. Thompson stated he had smashed his finger in the door, and Mrs. Thompson went to Wal-Mart to purchase medical products to treat the injury. Mr. Thompson said his son's fingernail was completely removed as a result of the injury. This contradicts Mrs. Thompson's statement regarding her son's injury.

**Compliance with Supervision Conditions and Prior Interventions:**
Delaina Thompson is currently unemployed and lives with her husband and two sons in Mt. Juliet, Tennessee. Mrs. Thompson began her term of supervised release on December 19, 2013, and is due to terminate supervision on December 18, 2018.

A petition was submitted to the Court on March 4, 2014, requesting a modification to Mrs. Thompson's release conditions to allow for drug testing and substance abuse treatment following a positive drug test for marijuana on February 28, 2014. Your Honor granted the modification, and Mrs. Thompson has attended substance abuse treatment, along with mental health treatment, at Cumberland Mental Health in Lebanon, Tennessee.

Mrs. Thompson's home confinement began on March 4, 2014, because Mrs. Thompson needed time to get a telephone line installed in her residence. During her period of home confinement, the probation officer has regularly allowed Mrs. Thompson to attend events involving her children. The probation officer has only denied three requests, one of which involved traveling to another state. Mrs. Thompson has repeatedly missed calls to confirm her compliance with home confinement. The probation officer has been lenient with her excuses since Mrs. Thompson is always at her residence when the probation calls to verify upon receiving the alerts of missed calls. Mrs. Thompson consistently displays a poor attitude towards home confinement, and implies that she is inconvenienced by the requirements of home confinement. Mrs. Thompson feels she should not be on home confinement, due to the circumstances involved in her case. The probation officer has reminded Mrs. Thompson, on several occasions, that home confinement was ordered instead of incarceration.

**U.S. Probation Officer Recommendation:**
It is recommended that Mrs. Thompson's special conditions of supervised release be modified, as indicated in this petition, to allow for the use of electronic monitoring to increase compliance with home detention. Mrs. Thompson has signed a waiver to hearing form and is agreeable to this modification. Assistant U.S. Attorney Byron M. Jones has been advised of the offender's noncompliance and concurs with the probation officer's recommendation for modification of the release conditions.


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# MIDDLE DISTRICT OF TENNESSEE

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

The defendant shall remain on home confinement for the remaining 6 months of her original 10 month sentence, but electronic monitoring shall be used to monitor compliance for the duration of home confinement. While on home detention, the defendant is required to remain in her residence at all times except for approved absences for gainful employment, community service, religious services, medical care or treatment needs and such other times as may be specifically authorized by the United States Probation Office.

Witness: _____  Signed: _____
Amanda Michele                    Delaina Thompson
U.S. Probation Officer            Probationer or Supervised Releasee

July 7, 2014
Date